**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4838**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

LINDA SUE CHEEK,

        Defendant - Appellant.

**No. 13-4841**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

LINDA SUE CHEEK,

        Defendant - Appellant.

Appeals from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, Chief District Judge. (7:08-cr-00012-GEC-1; 7:12-cr-00040-GEC-1)

Submitted: September 30, 2014    Decided: November 20, 2014

Before KEENAN, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

Dana R. Cormier, DANA R. CORMIER, P.L.C., Staunton, Virginia, for Appellant. Daniel Steven Goodman, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Jennie L.M. Waering, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Linda Sue Cheek appeals her convictions of multiple counts of distribution of controlled substances using a Drug Enforcement Administration ("DEA") registration number issued to another and using her own revoked DEA registration number, in violation of 21 U.S.C. §§ 841, 843 (2012); the twenty-seven-month sentence imposed for these convictions; and the twelve-month sentence imposed following revocation of her probation for a prior conviction. On appeal, defense counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court (1) erred in denying Cheek's motion for judgment of acquittal because the Government failed to present adequate evidence of her intent, (2) erred in its relevant conduct determinations, (3) improperly applied an upward enhancement for leadership role under the Sentencing Guidelines, (4) improperly imposed a Guidelines enhancement for obstruction of justice, and (5) imposed a procedurally and substantively unreasonable sentence for her new convictions.[*] For the reasons that follow, we affirm.

---

[*] Cheek raises no specific challenge to her probation revocation or related sentence.

3

We review de novo the district court's denial of a Fed. R. Crim. P. 29 motion for judgment of acquittal. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). We will affirm if, viewing the evidence in the light most favorable to the Government, "the conviction is supported by substantial evidence." United States v. Hickman, 626 F.3d 756, 763-64 (4th Cir. 2010) (internal quotation marks omitted). "Substantial evidence" is defined as such "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010) (internal quotation marks omitted). A defendant challenging evidentiary sufficiency "faces a heavy burden." United States v. Foster, 507 F.3d 233, 244-45 (4th Cir. 2007).

Section 841(a)(1) provides that, "[e]xcept as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally . . . to . . . distribute, or dispense . . . a controlled substance." 21 U.S.C. § 841(a)(1); see United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005) (identifying elements of distribution offense). To dispense is "to deliver a controlled substance to an ultimate user . . . by, or pursuant to the lawful order of, a practitioner, including the prescribing and administering of a controlled substance." 21 U.S.C. § 802(10) (2012). A practitioner is "a physician . .

4

. or other person licensed, registered, or otherwise permitted, by the United States or the jurisdiction in which [s]he practices . . . to distribute, [or] dispense . . . a controlled substance in the course of professional practice." 21 U.S.C. § 802(21) (2012). Under this definition, Cheek did not qualify as a practitioner at the time of the charged offenses, and therefore her conduct in issuing controlled substances is not protected by this statutory exception. See United States v. Blanton, 730 F.2d 1425, 1429-30 (11th Cir. 1984) (holding that individuals who lack a valid DEA registration are not authorized to dispense controlled substances).

Viewing the evidence in the light most favorable to the Government, we conclude that the district court did not err in denying Cheek's Rule 29 motion. As to Counts 1 through 10, the Government established that Cheek wrote controlled substance prescriptions under her own name and revoked DEA registration number. As to Counts 11 through 91, the Government proved that Cheek called into pharmacies prescriptions for Schedule III through V controlled substances under another doctor's DEA registration number outside the usual course of professional practice. While Cheek contended that her actions were the result of accident or mistake, the evidence supports a finding of intent. See United States v. Martin, 523 F.3d 281, 289 (4th

5

Cir. 2008) (finding circumstantial evidence sufficient to establish intent).

Cheek next raises three challenges to the court's Guidelines calculations. We review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Alvarado Perez, 609 F.3d 609, 612 (4th Cir. 2010). The Government is required to prove a defendant's drug quantity under the Guidelines by a preponderance of the evidence, United States v. Carter, 300 F.3d 415, 422 (4th Cir. 2002), but the defendant bears the burden to demonstrate that the information contained in the PSR is unreliable or inaccurate. United States v. Kiulin, 360 F.3d 456, 461-62 (4th Cir. 2004).

Cheek first challenges the court's relevant conduct determination. In the context of a controlled substance offense, relevant conduct is defined to include "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . during the commission of the offense of conviction" as well as those acts "that were in the same course of conduct or common scheme or plan as the offense of conviction." USSG § 1B1.3(a)(1)-(2); see USSG § 3D1.2(d) (providing for grouping of counts under USSG § 2D1.1). We conclude that the district court did not clearly err in determining that Cheek's unilateral

6

alterations to patients' Schedule II prescriptions constituted part of the same course of conduct as the offenses of conviction and in calculating the drug weight on this basis. See Kiulin, 360 F.3d at 461 (recognizing that drug quantity calculation is factual determination reviewed for clear error).

Cheek next appeals the court's application of a sentencing enhancement for her managerial role in the offense. The Guidelines provide for a two-level upward adjustment when the defendant acted as "an organizer, leader, manager, or supervisor" in criminal activity that did not involve five or more participants and was not otherwise extensive. USSG § 3B1.1(c). The defendant must have supervised "one or more other participants," that is, "a person who is criminally responsible for the commission of the offense" but who was not necessarily convicted. USSG § 3B1.1 cmt. n.1, 2; see United States v. Steffen, 741 F.3d 411, 414 (4th Cir. 2013) (recognizing that enhancement requires that defendant was manager, supervisor, organizer, or leader of people). Based on Cheek's relationship with Dr. Kathleen Schultz, we conclude that the court did not clearly err in imposing this enhancement.

Cheek also argues that the court improperly applied a sentencing enhancement for obstruction of justice. The Guidelines provide for a two-level enhancement when "the defendant willfully obstructed or impeded, or attempted to

7

obstruct or impede, the administration of justice with respect to the . . . sentencing of the instant offense of conviction." USSG § 3C1.1. Examples of covered conduct include "threatening, intimidating, or otherwise unlawfully influencing a . . . witness, . . . or attempting to do so," and suborning or attempting to suborn perjury. USSG § 3C1.1 cmt. n.4(A), (B). In view of the testimony presented both at trial and in the sentencing hearing, the district court did not clearly err in imposing this enhancement.

Finally, Cheek challenges the reasonableness of her twenty-seven-month sentence for her new convictions. In conducting a reasonableness review, we apply "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). The court first "ensur[es] that the district court committed no significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, and inadequate explanation of the sentence imposed. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010) (internal quotation marks omitted).

Upon finding no procedural error, we examine the substantive reasonableness of the sentence under "the totality of the circumstances." Gall, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to

8

satisfy the goals of sentencing.  See 18 U.S.C. § 3553(a).  A below-Guidelines sentence is presumed reasonable on appeal. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).  The defendant bears the burden to rebut the presumption by showing "that the sentence is unreasonable when measured against the § 3553(a) factors."  United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

We discern no unreasonableness in Cheek's sentence.  The district court properly calculated the Guidelines range and considered its applicability to Cheek, finding the range inappropriate to the unique circumstances of her offense.  The court conducted a thorough assessment of Cheek's circumstances and sentencing considerations, grounded in the § 3553(a) factors, before imposing a sentence substantially below the Guidelines range.  Cheek fails to rebut the presumption of reasonableness accorded this sentence.  See Susi, 674 F.3d at 289; Montes-Pineda, 445 F.3d at 379.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal as to either Cheek's convictions and resulting sentence, or as to the revocation of supervised release and the sentence imposed upon revocation.  We therefore affirm Cheek's convictions and sentences.  This Court requires that counsel inform Cheek, in writing, of the right to petition the Supreme Court of the

9

United States for further review.  If Cheek requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Cheek.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED